FILED

2010 OCT 5 PM 12 49

PATRICK E. DUFFY, CLERK

_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>SALVADOR ORDONEZ-<br>MALDONADO,<br><br>Defendant/Movant. | No. CR-08-102-GF-SEH<br>CV-10-60-GF-SEH<br><br>**ORDER** |

On September 15, 2010, Defendant/Movant Salvador Ordonez-Maldonado ("Ordonez"), moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He also moved for the appointment of counsel. Ordonez is a federal prisoner proceeding pro se.

## I.   Preliminary Screening

The Court must conduct a preliminary review of the motion to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rule 4(b),

Rules Governing Section 2255 Proceedings for the United States District Courts. It has done so.

## II.  Background

On September 3, 2008, Ordonez was indicted on one count of possession with intent to distribute at least nine kilograms of marijuana, a violation of 21 U.S.C. § 841(a)(1) (Count 1), and one count of distribution of marijuana, a violation of 21 U.S.C. § 841(a) (Count 2). Superseding Indictment (doc. 2). Assistant Federal Defender Evangelo Arvanetes was appointed to represent him. Order (doc. 6). On September 16, 2008, the United States filed an Information under 21 U.S.C. § 851, alleging that Ordonez had previously been convicted of a felony drug offense. Information (doc. 13). Filing of the Information subjected Ordonez to a maximum prison sentence of ten years. 21 U.S.C. § 841(b)(1)(D).

On November 5, 2008, Count 1 of the Superseding Indictment was dismissed. On November 6, 2008, a suppression hearing and bench trial were held. The motion to suppress was denied, and Ordonez was found guilty on Count 2.

The advisory guideline sentence range was calculated to be 33 to 41 months based on a total offense level of 14 and a criminal history category of V. A sentence of 41 months in prison, to be followed by a four-year term of supervised

release, was imposed. Minutes (doc. 59); Judgment (doc. 61) at 2-3.[1]

Ordonez appealed. On December 18, 2009, the Ninth Circuit Court of Appeals affirmed the conviction and sentence. United States v. Ordonez-Maldonado, Nos. 09-30083, 09-30084 (9th Cir. Dec. 18, 2009). The § 2255 motion was timely filed on September 15, 2010. 28 U.S.C. § 2255(f)(1); Clay v. United States, 537 U.S. 522, 532 (2003).

### III. Ordonez's Allegations and Analysis

All the evidence introduced against Ordonez was obtained on May 20, 2008. As relevant here, that day began with a 911 call at 11:30 a.m. by a woman who saw Ordonez mistreating his dog. It ended, two search warrants later, with more than $30,000 in cash, drug paraphernalia, and nine kilograms of marijuana seized from Ordonez's home. Ordonez continues to claim, as he claimed before trial, that his home was entered before the first warrant was obtained.

Ordonez asserts he was deprived of his Sixth Amendment right to effective assistance of counsel because Arvanetes did not move for an order directing the United States to produce "a complete police dispatch log," a "complete discovery package to include all statements, video, photographs taken on the incident date,"

---

[1] On the same day, Ordonez's supervised release as to another conviction was revoked, and he was sentenced to serve 24 months in prison, consecutive to his sentence in this case.

3

"police officer Eric Bayle's [Bailey's] phone records," records from the veterinarian's office to show when the dog was taken there, and phone records from the Immigration and Customs Enforcement Agency showing the time of the incoming call from Officer Bailey. Mot. (doc. 82) at 11. He also asserts that counsel failed to call "a potential alibi witness." Id. at 8.

The two inaccurate statements that prompted Ordonez's speculation about search of his residence are inconsistent with the dispatch records, which were admitted into evidence at the suppression hearing. They clearly showed a logical and lawful sequence of events. Tr. at 150:2-156:19. The two inaccurate statements are also inconsistent with the testimony of the eight witnesses who were present at the scene and who testified under oath about what happened.[2] In fact, the two inaccurate statements are even inconsistent with each other. One, in a record from the animal shelter, showed that the dog was brought in at 11:00 a.m. – half an hour *before* the 911 call. Mot. to Suppress Ex. D (doc. 16-1 at 16). That record is useless as evidence. The second, on the first warrant return, showed that the dog was seized at "[f]ourteen forty-two," that is, 2:42 p.m., when dispatch records showed the officer who made that notation was at the courthouse applying for a search warrant, not at Ordonez's house. Mot. to Suppress Ex. E (doc. 16-1 at

---

[2] Ordonez himself testified, but not about timeline issues.

4

17). Four other officers who were present at the scene testified, consistent with the dispatch log, that the home was entered and the dog seized between 3:40 and 4:00 p.m., after the first warrant was issued at 3:30 p.m. Tr. at 70:16-20, 86:8-14, 106:2-17, 141:15-24. The officer who wrote "14:42" testified "I made a mistake." Id. at 55:10.

There is no reason whatever for Ordonez's continued speculation that counsel could have discovered some kind of evidentiary support for his initial speculation that his Fourth Amendment rights were violated. The best lawyer cannot prove what is not true.

Finally, it is not clear what Ordonez means by an "alibi witness claim." Mot. at 7. He does not name an alibi witness, and he personally was confronted and arrested at his home following the 911 call. He was not somewhere else at the time. At any rate, he appears to refer to nothing more than the suppression claim that has already been litigated well beyond the bounds of its feasibility.

Ordonez can show neither deficient performance nor prejudice. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). All claims in the § 2255 motion are denied for lack of merit.

Because it is clear the motion has no merit, neither the appointment of counsel nor an evidentiary hearing is required. United States v. Rodrigues, 347

5

F.3d 818, 824 (9th Cir. 2003); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). To obtain a certificate, Ordonez "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Ordonez has not shown a violation of either his Fourth or Sixth Amendment rights. There was nothing unlawful about the search. No reasonable jurist could find that further proceedings in this matter are warranted. A certificate of appealability is denied.

ORDERED:

1. Ordonez's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 82) is DENIED;

6

2. The motion for appointment of counsel (doc. 83) is DENIED;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Ordonez files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV-10-60-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Ordonez.

DATED this 5th day of October, 2010.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge